IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KAIZEN INTERNATIONAL, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. 1:19-cv-815-CFC |
| v. | ) |
| | ) |
| JAWBONE HEALTH HUB, INC., | ) |
| | ) |
| Defendant. | ) |

**ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT**

Defendant Jawbone Health Hub, Inc. ("JHH"), by and through its undersigned attorneys, provides the following answers and affirmative defenses to the Complaint filed by plaintiff Kaizen International, LLC ("Plaintiff").

**ANSWERS**

JHH denies all allegations in the Complaint, whether express or implied, except as specifically admitted below.  JHH further denies that Plaintiff has been damaged because of any act, omission or conduct on the part of JHH, or on the part of any alleged agent, servant, employee, representative or other person or entity for whose acts JHH may be responsible.  JHH also denies that Plaintiff is entitled to any of the relief prayed for against JHH.

These answers are made according to the information currently known or believed to be true by JHH before discovery has been done and before JHH has completed its investigation into the underlying factual matters.  JHH reserves the right to amend or supplement its answers as appropriate and to assert new, different or additional affirmative defenses at any time.

The headings and numbered paragraphs below correspond to the headings and numbered paragraphs in the Complaint.

1. In response to the material allegations in paragraph 1 of the Complaint, JHH admits that it entered into a contract for consulting services with Plaintiff, states that the contract contains an unlawful, usurious and unenforceable interest provision, and denies the remaining allegations.

2. In response to the material allegations in paragraph 2 of the Complaint, JHH is without knowledge or information sufficient to admit or deny the allegations and therefore denies them.

3. In response to the material allegations in paragraph 3 of the Complaint, JHH is without knowledge or information sufficient to admit or deny the allegations and therefore denies them.

4. In response to the material allegations in paragraph 4 of the Complaint, JHH admits that it is incorporated in Delaware and denies the remaining allegations.

5. In response to the material allegations in paragraph 5 of the Complaint, JHH admits that the amount in controversy exceeds $75,000 and denies the remaining allegations.

6. In response to the material allegations in paragraph 6 of the Complaint, JHH admits that it is incorporated in Delaware, states that this paragraph contains legal conclusions to which no response is required, and denies the remaining allegations.

7. In response to the material allegations in paragraph 7 of the Complaint, JHH denies the allegations.

8. In response to the material allegations in paragraph 8 of the Complaint, JHH admits that it entered into a contract for consulting services with Plaintiff, but that the contract terms speak for themselves. JHH further states that various oral modifications agreed to by both parties are not reflected in the written contract, and denies that the allegations represent a complete and accurate accounting of those terms.

9. In response to the material allegations in paragraph 9 of the Complaint, JHH admits the allegations.

10. In response to the material allegations in paragraph 10 of the Complaint, JHH denies the allegations.

11. In response to the material allegations in paragraph 11 of the Complaint, JHH denies the allegations.

12. In response to the material allegations in paragraph 12 of the Complaint, JHH states that the contract terms speak for themselves, that various oral modifications agreed to by both parties are not reflected in the written contract, and denies the remaining allegations.

13. In response to the material allegations in paragraph 13 of the Complaint, JHH states that the contract terms speak for themselves, further states that various oral modifications agreed to by both parties are not reflected in the written contract, and states that the interest rate in the contract is unlawful, usurious and unenforceable, and denies the remaining allegations.

14. In response to the material allegations in paragraph 14 of the Complaint, JHH states that the contract terms speak for themselves, further states that various oral modifications agreed to by both parties are not reflected in the written contract, and denies the remaining allegations.

15. In response to the material allegations in paragraph 15 of the Complaint, JHH states that the contract terms speak for themselves.

16. In response to the material allegations in paragraph 16 of the Complaint, JHH denies the allegations.

17. In response to the material allegations in paragraph 17 of the Complaint, JHH admits the allegations.

18. In response to the material allegations in paragraph 18 of the Complaint, JHH admits the allegations regarding the amounts invoiced and denies the remaining allegations.

19. In response to the material allegations in paragraph 19 of the Complaint, JHH denies the allegations and further states that the interest rate in the contract is unlawful, usurious and unenforceable.

20. In response to the material allegations in paragraph 20 of the Complaint, JHH denies the allegations.

21. In response to the material allegations in paragraph 21 of the Complaint, JHH admits that Kaizen has demanded payment, admits that JHH terminated Kaizen on April 24, 2019, and denies the remaining allegations.

22. No response to paragraph 22 is required.

23. In response to the material allegations in paragraph 23 of the Complaint, JHH admits that it entered into a contract with Kaizen, but that various oral modifications agreed to by both parties are not reflected in the written contract, and that the provisions for interest in the contract are unlawful, usurious and unenforceable.

24. In response to the material allegations in paragraph 24 of the Complaint, JHH denies the allegations.

25. In response to the material allegations in paragraph 25 of the Complaint, JHH admits the allegations.

26. In response to the material allegations in paragraph 26 of the Complaint, JHH denies the allegations.

27. In response to the material allegations in paragraph 27 of the Complaint, JHH states that this paragraph contains legal conclusions to which no response is required and denies the remaining allegations.

28. In response to the material allegations in paragraph 28 of the Complaint, JHH denies the allegations.

29. No response to paragraph 29 is required.

30. In response to the material allegations in paragraph 30 of the Complaint, JHH denies the allegations.

31. In response to the material allegations in paragraph 31 of the Complaint, JHH denies the allegations.

32. In response to the material allegations in paragraph 32 of the Complaint, JHH denies the allegations.

33. In response to the material allegations in paragraph 33 of the Complaint, JHH denies the allegations.

## AFFIRMATIVE DEFENSES

JHH raises the following defenses in response to the allegations and each claim for relief asserted in the Complaint, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are stated herein.  To the extent JHH has insufficient knowledge or information on which to form a belief as to other as yet unstated available defenses, it reserves the right to assert additional defenses as warranted by the discovery of additional facts.

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

1. The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
### (Contractual Allowance/Exculpatory Provision)

2. Plaintiff's claims are barred in whole or in part because the terms of the alleged contract permitted or excused JHH's required performance, if any.

### THIRD AFFIRMATIVE DEFENSE
### (Estoppel)

3. Plaintiff's claims are barred in whole or in part by the doctrine of estoppel.

### FOURTH AFFIRMATIVE DEFENSE
### (*In Pari Delicto*, Unclean Hands)

4. Plaintiff's claims are barred in whole or in part by the doctrines of *in pari delicto* and/or unclean hands.

### FIFTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate Alleged Damages)

5. Plaintiff's claims are barred in whole or in part by Plaintiff's failure to take all reasonable and appropriate actions to mitigate its alleged damages.

### SIXTH AFFIRMATIVE DEFENSE
### (Speculative Damages)

6. Plaintiff's claims are barred in whole or in part because the alleged damages, if any, are speculative and uncertain.

### SEVENTH AFFIRMATIVE DEFENSE
### (Setoff)

7. Any recovery Plaintiff may receive in this action should be set off by any amounts Plaintiff has already recovered or will recover as compensation for its alleged damages. In addition, JHH alleges that Plaintiff has engaged in acts or omissions that have harmed JHH, and any recovery by Plaintiff, which JHH does not concede is appropriate, must be offset against any harm Plaintiff caused JHH.

### EIGHTH AFFIRMATIVE DEFENSE
### (Consent, Approval, Acquiescence, Participation, Ratification)

8. Plaintiff's claims are barred, in whole or in part, by its own consent, approval, acquiescence, participation and/or ratification at any time in any activity that Plaintiff challenges as improper, including implied consent, approval, acquiescence or ratification by conduct.

-7-

### NINTH AFFIRMATIVE DEFENSE
### (Lack of Subject Matter Jurisdiction)

9. Plaintiff's claims are barred because this Court lacks subject matter jurisdiction over the action.

### TENTH AFFIRMATIVE DEFENSE
### (Lack of Personal Jurisdiction/Improper Venue)

10. Plaintiff's claims are barred because of lack of personal jurisdiction/venue.

### ELEVENTH AFFIRMATIVE DEFENSE
### (Material Breach By Plaintiff)

11. Plaintiff's claims are barred because Plaintiff materially breached the contract on which it now seeks recovery and has also violated other contracts as between JHH and Plaintiff.

### TWELVETH AFFIRMATIVE DEFENSE
### (Unlawful Usury)

12. Plaintiff's claims are barred because the contract over which it seeks recovery contains an unlawful, usurious and unenforceable provision for interest.

### THIRTEENTH AFFIRMATIVE DEFENSE
### (Inconvenient Forum)

13. Plaintiff's claims have been asserted in an inconvenient forum. The primacy witnesses and activities related to this action all reside/occurred in the Northern District of California.

## **PRAYER FOR RELIEF**

WHEREFORE, JHH prays for judgment and relief as follows:

1. That judgment be entered in favor of JHH and against Plaintiff on all claims;

2. That Plaintiff take nothing by way of its Complaint against JHH and that the Complaint be dismissed with prejudice;

3. That JHH be awarded its attorneys' fees and costs of suit and any and all other relief as is just.

Dated: May 24, 2019                                  Respectfully submitted,

                                                                     MACAULEY LLC

                                                                     */s/ Thomas G. Macauley*
                                                                     Thomas G. Macauley (No. 3411)
                                                                     300 Delaware Ave., Suite 1018
                                                                     Wilmington, DE 19801
                                                                     Telephone: (302) 656-0100

                                                                     Attorneys for Defendant